IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**SHAWN SMITH**                                                                                                      **PLAINTIFF**

**v.**                                                          **CIVIL ACTION NO.:** 1:20-cv-345-HSO-JCG

**POWER DYNAMICS INNOVATIONS, LLC**                                             **DEFENDANT**

**COMPLAINT**
**JURY TRIAL DEMANDED**

**COMES NOW** Plaintiff, Shawn Smith, and brings this action against his employer, Defendant, Power Dynamics Innovations, LLC, to recover damages for violations of his rights under the Family Medical Leave Act of 1993. As more specifically set forth below, Plaintiff has been subjected to FMLA discrimination and retaliation in the terms and conditions of his employment with Defendant. In support of this cause, Plaintiff would show unto the Court the following facts to-wit:

**THE PARTIES**

1. Plaintiff, Shawn Smith, is an adult male resident of Pearl River County, Mississippi. Plaintiff is an eligible employee as defined by the FMLA.

2. Defendant, Power Dynamics Innovations, LLC, is a Mississippi Limited Liability Corporation that may be served with process through its registered agent: Carl N. Liberty, 1301 Martin Luther King, Picayune, Mississippi 39466. Defendant is a covered employer under the FMLA.

**JURISDICTION AND VENUE**

3. This action arises under the Family and Medical Leave Act of 1993.

4. This Court has federal question jurisdiction for actions that arise under the

FMLA.

5. This Court has personal and subject matter jurisdiction over the Defendant and venue is proper in this Court.

## **STATEMENT OF FACTS**

6. Plaintiff is an adult resident citizen of Pearl River County, Mississippi.

7. Plaintiff was hired on January 3, 2016 as a Welder/Fitter at Power Dynamics Innovations LLC (PD). Having been employed for over twelve months and having worked in excess of statutory minimum number of hours required under the FMLA, Plaintiff was a covered employee within the meaning of the FMLA.

8. During Plaintiff's employment, Defendant had over 50 employees within a 75-mile radius and, thus, is a covered entity within the meaning of the FMLA.

9. During the entirety of Plaintiff's employment, Plaintiff never received any write-ups or any other kind of disciplinary action against him.

10. On January 5, 2020, Plaintiff was involved in a car accident.

11. Following the accident, Plaintiff was evaluated and treated by Dr. Terrion Daniels Warren at the Moore Chiropractic Clinic in Carriere, Mississippi.

12. Dr. Moore then contacted the Defendant's Human Resources (HR) Department and instructed that Plaintiff needed to be placed on light duty.

13. Specifically, Dr. Moore instructed that Plaintiff should not stand for over four hours at a time and he should not lift anything exceeding 20 pounds.

14. The Defendant's acting HR Director Charlie Labiche informed Plaintiff that the company had no available positions wherein Plaintiff could work with the medical restrictions given by Dr. Moore.

15. Mr. Labiche instructed Plaintiff to file for Short-Term Disability and that he could return to his previous position when he was released back to full fitness for duty.

16. On January 21, 2020, Dr. Moore provided Plaintiff with a letter stating that he would be released back to work and could return to full duty on February 3, 2020.

17. On that same date or a day after, Plaintiff provided the Defendant's HR department with a copy of the letter.

18. However, on January 31, 2020, just a few days before he was supposed to return, Mr. Labiche unexpectedly informed Plaintiff that he was terminated.

19. Mr. Labiche alleged that Plaintiff was terminated due to a supposed "bad weld," although no details were given as to when this alleged weld took place.

20. The Company's normal process if this takes place is to suspend the employee for three (3) days and possible write up. However, this alleged "bad weld" should have been justified, but never was.

21. Plaintiff adamantly denies that the alleged weld ever even occurred.

22. Other similarly situated employees with the Defendant have had a "bad weld" and were never disciplined.

23. After having to file for short term disability at the Defendant's HR Director Charlie Labiche's instructions, the Defendant retaliated against and ultimately terminated Plaintiff's employment in violation of the FMLA.

24. The Defendant's actions were unjust and hasty, resulting in an unfair termination in violation of the FMLA.

## CAUSE OF ACTION

### COUNT I:  VIOLATIONS OF THE FMLA AND FMLA RETALIATION

25. Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 24 above as if fully incorporated herein.

26. Defendant terminated Plaintiff in retaliation for filing for Short term disability while he was out on FMLA approved leave.

27. It is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA.

28. In addition, it is unlawful for any employer to discharge or discriminate against any individual for opposing any practice made unlawful by the FMLA.

29. As a result of Defendant's intentional and discriminatory acts described above, Plaintiff has suffered and continues to suffer lost wages and benefits, all to his detriment and compensable at law.

30. The wrongful conduct of Defendant is evidenced by a consciously indifferent attitude towards employee's rights under the FMLA.  As a result of this conduct, liquidated damages should be assessed against Defendant so as to deter this type of conduct in the future.

31. Plaintiff also seeks all other relief, at law or in equity, to which he may show himself justly entitled.

### PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Court cause service to issue in this cause upon the Defendant and that this matter be set for trial.  Upon trial by jury thereon, Plaintiff prays that the following relief be granted:

1. Back wages;
2. Lost benefits and other pecuniary losses;
3. Liquidated damages;
4. All costs, disbursements, pre-judgment interest, post-judgment interest, expert witness fees, and reasonable attorney's fees allowed under the FMLA;
5. Attorney fees and costs; and
6. Such further relief as is deemed just and proper.

THIS the 13th day of November 2020.

                Respectfully submitted,

                SHAWN SMITH, PLAINTIFF

        By:    /s Louis H. Watson, Jr.
                LOUIS H. WATSON, JR. (MB# 9053)
                NICK NORRIS (MB# 101574)
                Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
1880 Lakeland Drive, Suite G
Jackson, Mississippi 39216
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
louis@watsonnorris.com
nick@watsonnorris.com